[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #122
On September 13, 1990, the plaintiff, James Meyer, filed an amended complaint against the defendant, The Torrington Savings Bank, in which he alleged, inter alia, that on November 12, 1974, he borrowed $10,000.00 from the defendant in accordance with the terms of a note secured by a mortgage to the defendant. Pursuant to the mortgage commitment, the defendant allegedly offered the plaintiff life and disability insurance, which the plaintiff purchased. The plaintiff alleges that, on August 31, 1983, he and his wife refinanced the note and mortgage and requested disability insurance therewith. On that date, the plaintiff signed a mortgage deed and note, thereby satisfying the prior note and establishing a new note and mortgage. The plaintiff claims that he received a mortgage payment receipt book indicating that his monthly payment included, inter alia, disability insurance, as he had requested and was allegedly promised. The plaintiff further alleges that, in reliance on the payment book and the notation for disability insurance contained therein, he sought no other disability insurance.
The plaintiff contends that, in 1989, he became disabled and requested the defendant to process his disability insurance to ensure that his mortgage would be paid while he was unable to work. The defendant allegedly informed the plaintiff that he had no disability insurance and, consequently, that there would be no payments made on his mortgage from a disability policy. Consequently, the plaintiff commenced this action.
On October 11, 1991, the defendant answered the complaint and filed ten special defenses. In its answer, the defendant denied, inter alia, the plaintiff's allegation that he relied on the payment book's notation for disability insurance and, therefore, sought no other disability insurance. The defendant left the plaintiff to its proof regarding whether the plaintiff requested such disability coverage. On December 19, 1991, the plaintiff denied the special defenses.
On February 28, 1991, the defendant filed a motion CT Page 3456 for summary judgment, attaching thereto a supporting memorandum, affidavit and exhibits. On March 6, 1992, the plaintiff filed a memorandum in opposition to the motion for summary judgment and attached thereto a supporting affidavit.
Summary judgment is provided for in Practice Book Sections 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book Section 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990).
In its memorandum in support of its motion for summary judgment, the defendant claims that there are no facts in dispute, that the facts do not support liability on a theory of promissory estoppel, and that the plaintiff's claim is barred by the statute of limitations. In opposing the motion for summary judgment, the plaintiff claims that there exists a genuine issue of material fact, and therefore, the motion for summary judgment should be denied.
The plaintiff contends in his affidavit that, when he refinanced the mortgage and note in 1983, he was "assured by the mortgage representative for The Torrington Savings Bank that [he] would definitely be able to get the disability insurance as [he] had in the past." Affidavit of James Meyer, Paragraph 5. The plaintiff also stated that "[b]ased on the banks promise to [him] that [he] could continue with disability insurance, and further, seeing the bank book with charges labeled Disability Insurance, [he] relied on the fact that [he] was covered in the event of any future disability." Id, paragraph 9.
Whether the defendant was promised disability insurance, constitutes a genuine issue of material fact. Indeed, because the plaintiff's claim derives from theory of promissory estoppel, the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance is at issue. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213,520 A.2d 217 (1987). The existence of, and the circumstances CT Page 3457 surrounding, such a promise, constitute genuine issues of material fact and, therefore, the motion for summary judgment is denied.
PICKETT, J.